# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**HERBERT DAVIS,**

    Petitioner,

vs.                                   Case No. 4:06cv559-SPM/WCS

**FLORIDA PAROLE COMMISSION,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION ON § 2254 PETITION

This cause is before the court on a 28 U.S.C. § 2254 petition and motion to proceed in forma pauperis. Docs. 1 and 2.

Petitioner challenges the action of the Florida Parole Commission on August 7, 2002, revoking his conditional release. Doc. 1, p. 1. Petitioner complains that Mr. Campbell had been his conditional release officer in March and April of 2002, then left his card in Petitioner's door at the end of April advising that a new conditional release officer would contact Petitioner. *Id.*, p. 3. Petitioner alleges that on May 3, 2002, Mr. Wagner left his card in the door and Petitioner immediately contacted him but Wagner did not return the call. *Id.* He asserts that the Commission violated its state and federal

duty to review the record and determine whether Petitioner was telling the truth. *Id.* Petitioner states that he called Wagner from work on May 6, 2002, and said he would turn in his monthly report when he got off of work. *Id.*, p. 4. Wagner said Petitioner had to be there by 4:30 because the office closed at 5:00 and they needed 30 minutes to go over his case. *Id.* Petitioner alleges that Wagner knew the office did not close until 7:00 and that he (Wagner) would be there until 5:30. Petitioner claims that Wagner denied him the right to come in on May 6, 2002, by falsely advising that the office closed at 5:00, yet the Commission chose to ignore this. *Id.* Petitioner claims that he was successfully on conditional release for two and a half years, and Wagner alone sought to vilify him. *Id.* Petitioner also claims that he was not aware that he did not qualify as a chronic criminal offender until October of 1999, when he challenged this condition by refusing to sign his conditional release order. *Id.*, p. 5. Petitioner claims that for the Commission to require him to admit to being something he is not violates "several" of his constitutional rights. *Id.* Petitioner lists the rights allegedly violated in his memorandum of law. Doc. 1, attachment, pp. 1-2.

Petitioner challenged the same revocation of conditional release, based on the 2002 violation report prepared by Wagner, by previous § 2254 petition. <u>Davis v. Florida Parole Commission</u>, 4:04cv80-WS/WCS. On report and recommendation of the undersigned following review of the state court record, the petition was denied and judgment entered on December 10, 2004. Docs. 7, 9 and 10 in that case. Petitioner did not appeal. The court found that while constitutional issues might be implicated, Petitioner had not raised a constitutional claim in this court or in state court. Doc. 7, pp. 8-10. Petitioner claimed the evidence was insufficient to revoke his release under

Florida law, but had not shown there was so little evidence as to deny federal due process. *Id.*, p. 10. Petitioner had not claimed lack of an opportunity to offer excuses or argue that revocation was not appropriate, or that he was denied counsel in violation of due process, and had not presented a federal claim. *Id.*, p. 11. Since he had not presented a federal claim in state court either, he had not exhausted such a claim, and could not show that the state court's adjudication of the claim "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or that the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.*, pp. 11-12, *citing* § 2254(d)(1) and (2) and Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

A claim raised in a second or successive § 2254 petition that was presented in a prior petition shall be dismissed, and a claim which was not presented in a prior petition shall be dismissed unless certain conditions are satisfied. 28 U.S.C. § 2244(b)(1) and (2). However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). *See also* § 2254 Rule 9 ("[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

Absent authorization, a second or successive § 2254 petition should be summarily dismissed for lack of jurisdiction. Hubbard v. Campbell, 379 F.3d 1245, 1247 (11th Cir.), *cert. denied*, 542 U.S. 958 (2004) (district court lacked jurisdiction to

entertain second or successive petition as petition had not obtained authorization for filing it);  Hill v. Hopper, 112 F.3d 1088, 1089 (11th Cir. 1997), *cert. denied*, 520 U.S. 120 (1997) (same).

It is therefore **RECOMMENDED** that the 28 U.S.C. § 2254 petition for writ of habeas corpus (doc. 1) be **SUMMARILY DISMISSED** as authorization for filing a second or successive petition has not been granted.

**IN CHAMBERS** at Tallahassee, Florida, on **January 3, 2007**.


 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**